# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA JOHNSON                 :
                                :
    Plaintiff      : CIVIL ACTION
                                :
  vs.                       :
                                : NO. 17-CV-4490
BB & T CORPORATION, formerly    :
known as SUSQUEHANNA BANK/      :
BB & T, INC.                    :
                                :
    Defendant      :

## MEMORANDUM AND ORDER

**JOYNER, J.**                                    **March 28, 2018**

This civil action, which was previously dismissed and reinstated upon agreement of the parties[1], is once again before us on motion of the Plaintiff, Barbara Johnson, for reconsideration of our Order of February 14, 2018 granting the Defendant's Motion to Dismiss the First Amended Complaint as uncontested. For the reasons set forth below, the motion shall be granted.

---

[1] This case was originally filed in the Court of Common Pleas of Chester County and removed to this Court by BB & T on October 10, 2017. On October 18, 2017, BB & T filed a motion to dismiss the complaint which this Court granted as uncontested pursuant to Local Rule of Civil Procedure 7.1(c) on November 14, 2017. Inasmuch as Plaintiff contended that her counsel did not receive the electronic notice of the filing of the motion and did not receive ECF access until November 8, 2017, the parties stipulated to the vacatur of the order of dismissal on November 20, 2017 and the case was reinstated. Plaintiff then filed a motion seeking leave to file an amended complaint, which was granted on December 19, 2017. Plaintiff then filed the First Amended Complaint at issue here on December 26, 2017 to which Defendant again responded by filing a motion to dismiss on January 9, 2018. Because Plaintiff again failed to respond within fourteen days in accordance with Local Rule of Civil Procedure 7.1(c), this Court again granted the motion as uncontested on February 14, 2018.

**History of the Case**

As alleged in the Plaintiff's First Amended Complaint, in January 2015, she and her now-late husband, Richard A. Johnson, Sr. opened a checking account at a Susquehanna Bank[2] branch office in Kennett Square, Pennsylvania. Plaintiff alleges that at some unspecified time and without her knowledge or consent, the Defendant Bank "negligently allowed" her step-son, Richard A. Johnson, Jr. to be added to the signature card on the account and to change the mailing address for the bank statements on the account to his home address. Thereafter, the Defendant Bank purportedly accepted and deposited some $509,110 in forged check deposits from Johnson, Jr., which checks were made out either to Plaintiff individually or to Plaintiff and her husband, Johnson, Sr., only[3]. The Amended Complaint goes on to aver that subsequently, Johnson, Jr. was permitted to withdraw those monies himself, thereby converting them to his own use.

The First Amended Complaint contains four counts: the first

---

[2] Susquehanna Bank merged with and into BB & T Bank sometime in the latter part of 2015.

[3] The First Amended Complaint references the Findings of Fact made by the Hon. Mark Tunnell of the Chester County Orphans Court in an action arising out of the Estate of Mr. Johnson, Sr., which reflect that the $509,110 in checks were issued by two insurance companies in settlement of claims arising out of fire damage suffered by two adjacent Kennett Square properties owned by Plaintiff herself and by Plaintiff and her late husband. In his decision, Judge Tunnell further found that these properties originally belonged exclusively to Plaintiff, as she inherited them or bought them herself prior to her marriage. Judge Tunnell further found that Richard A. Johnson, Jr. had converted an unknown amount of checks representing insurance proceeds. (FAC, ¶s 5-13).

three sound in negligence and the fourth in breach of contract. Defendant's Motion to Dismiss sought to dismiss the Amended Complaint on the grounds that the first three counts are barred by the gist of the action and/or economic loss doctrines and by the Uniform Commercial Code and because the fourth count fails to allege breach. As noted, we did not reach the merits of these arguments given that Plaintiff failed to timely file a response in opposition. Plaintiff now moves, pursuant to Fed. R. Civ. P. 59(e) and/or 60(b)(1), for reconsideration and set-aside of our February 14, 2018 Order granting the Motion to Dismiss as uncontested.

## **Discussion**

Although the courts generally recognize that differences exist between Rule 59(e) and Rule 60(b), there is considerable overlap between the two such that in practice, the rules permit the same relief - a change in judgment. <u>Williams v. Thaler</u>, 602 F.3d 291, 303 (5th Cir. 2010). A motion under Fed. R. Civ. P. 59(e) is one which seeks to "alter or amend judgment." The Rule is silent as to when and under what circumstances such a motion is properly granted – it states only that such a motion "must be filed no later than 28 days after the entry of the judgment." However, Third Circuit law is fairly clear that "[m]otions for reconsideration under Fed. R. Civ. P. 59(e) are intended 'to correct manifest errors of law or fact or to present newly

3

discovered evidence,'" and "are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010);(quoting, *inter alia*, Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)); Brooks v. Horn, Civ. A. No. 00-3637, 2004 U.S. Dist. LEXIS 8427 at *2 (E.D. Pa. May 4, 2004)(quoting Harsco, supra, and Jones v. Dalton No. 95-7940, 1998 U.S. Dist. LEXIS 12484 at *5 (E.D. Pa. Aug. 11, 1998)).

Additionally, "[a] motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001). See also, McNeal v. Maritank Phila., Inc., No. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999)("A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new legal arguments that could have been made in support of the original motion.")(citing Vaidya v. Xerox Corp., No. 97–547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)). It also is not to be used to give a litigant a "second bite at the apple," nor may it be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. Bhatnagar v. Surrendra Overseas, Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Taksir v. Vanguard Group, Inc., 273 F. Supp. 3d 539, 544 (E.D.

Pa. 2017). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [original] motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Howard Hess, supra,(quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677(3d Cir. 1999).

On the other hand, Fed. R. Civ. P. 60(b) sets forth the grounds for relief from a final judgment, order or proceeding as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

5

It has been said that the "general purpose of Rule 60 ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." In re Linerboard Antitrust Litigation, 223 F.R.D. 357, 363 (E.D. Pa. 2004)(quoting Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir. 1978) and Liberty National Bank & Trust Co. v. Yackovich, 99 F.R.D. 518, 519 (W.D. Pa. 1982)). "A Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981); Virgin Islands National Bank v. Tyson, 506 F.2d 802, 804 (3d Cir. 1974). A Rule 60(b) motion to set aside judgment is to be construed liberally to do substantial justice, though it may not be used as a substitute for appeal. United States v. Enigwe, 320 F. Supp. 2d 301, 306 (E.D. Pa. 2004); In re Linerboard, 223 F.R.D. at 364.

The Plaintiff here invokes the grounds for relief set forth in Rule 60(b)(1) - that is, mistake and/or excusable neglect. The Supreme Court has observed that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497, 123 L. Ed.2d 74 (1993). The test for

6

"excusable neglect" is equitable, requiring consideration and weighing of the totality of the circumstances including (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the movant's control, and (4) whether the movant acted in good faith. Nara v. Frank, 488 F.3d 187, 193-194 (3d Cir. 2007); Thompson v. Merck & Co., Civ. A. No. 01-1004, 2007 U.S. Dist. LEXIS 2131 at *9 (E.D. Pa. Jan. 11, 2007).

In this case, we cannot find that Plaintiff is entitled to any relief under Rule 59(e).  To be sure, Plaintiff makes no showing of a change in controlling law or of any new evidence not previously attainable before the Court issued its decision.  Nor do we find any clear error of law or fact in our decision to dismiss this matter as uncontested - to the contrary, there is no dispute but that the applicable procedural rules mandated that a response to the Defendant's motion to dismiss be filed "within fourteen (14) days after service of the motion and supporting brief," and "[i]n the absence of timely response, the motion may be granted as uncontested."  Likewise, there is no dispute that the Plaintiff failed to file anything at all until after the passage of more than 36 days when we entered the order of dismissal.  Finally, we do not find manifest injustice in our utilization of our local rules, particularly given that this

Court had previously dismissed the Plaintiff's original complaint for the same reason. See, e.g., U.S. v. Eleven Vehicles, 200 F.3d 203, 214, 215 (3d Cir. 2000)("it is not an abuse of discretion for a district court to impose a harsh result such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule"(citing Smith v. Oelenschlager, 845 F.2d 1182, 1184 (3d Cir. 1988)); Tobia v. Bally total Fitness Holding Corp., Civ. A. No. 12-1198, 2013 U.S. Dist. LEXIS 23575 at *10 (E.D. Pa. Feb. 21, 2013). Accordingly, Plaintiff's motion to alter or amend judgment under Rule 59(e) is denied.

We next consider whether relief may be awarded under Rule 60(b)(1) and in undertaking to weigh and consider the circumstances presented here in their totality, we first find that the length of delay and risk of prejudice to Defendant is minimal. Plaintiff filed this motion for reconsideration within the two weeks prescribed by Local Rule of Civil Procedure 7.1(g) and thus little additional time has passed and no real impact has been had on these judicial proceedings as a consequence. Further, inasmuch as this matter is still in the pleadings stage, there has been no discovery of which we are aware. Hence, aside from some additional costs naturally attendant to any delay and to no longer requiring representation, we find that these considerations militate in favor of affording Plaintiff relief.

The questions of whether the delay/mistake was within Plaintiff's control and whether Plaintiff's counsel acted in good faith are more problematic. As Plaintiff freely admits, the failure to respond to Defendant's motion to dismiss was a direct result of Plaintiff's counsel's mis-interpretation of the Court's denial of Defendant's original motion to dismiss as moot, his failure to check his emails for ECF filings in this case which would have revealed the filing of a second such motion, and his understandably being distracted by his wife's illness and subsequent hospitalization. While we are certainly sympathetic to Counsel's concerns for his wife, we cannot find that this excuses his failures to conduct rudimentary research into the meaning of "moot" or to periodically check email for ECF filings. Indeed, those errors were clearly within counsel's control. We also have difficulty finding good faith on the part of Plaintiff's counsel insofar as he filed for default against Defendant on February 13, 2018 and then a motion to strike Defendant's motion to dismiss on February 14, 2018 when again, some rudimentary research into legal procedure would have demonstrated that such actions would be ineffective and inappropriate.

We are, however, mindful that "[d]eciding cases on their merits, wherever practicable, is favored." Thompson v. Merck, supra,(citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.

9

1984) and Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)). Therefore, we shall exercise the considerable discretion afforded us under Rule 60(b) in Plaintiff's favor and vacate the February 14 Order of dismissal. In so ordering however, we believe it appropriate to further exercise our discretion and equitable powers to direct Plaintiff's counsel to reimburse Defendant for the reasonable counsel fees and costs which it has incurred in preparing and filing its response to the motion for reconsideration. Accordingly, leave is given to Defendant, should it so desire, to promptly submit an invoice detailing its reasonable attorney's fees and/or other expenses which it has incurred in responding to the within motion to Plaintiff's counsel for payment within thirty (30) days.

    An appropriate order follows.