IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

BARBARA JOHNSON,

    Plaintiff,

v.

BB&T CORPORATION, FORMERLY
KNOWN AS SUSQUEHANNA
BANK/BB&T, INC.,

    Defendant/Third-Party
    Plaintiff,

v.

RICHARD A. JOHNSON, JR. and
VIRGINIA THOMAS

    Third-Party Defendants.

CIVIL ACTION NO.: 2:17-CV-04490-JCJ

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND SANCTIONS

Plaintiff Barbara Johnson, by and through her undersigned counsel, and in accordance with Federal Rule of Civil Procedure 37(3)(B)(iv) states:

1. On March 7, 2019, December 27, 2019 and January 13, 2020, Defendant was served with notice to attend deposition with accompanying subpoena *duces tecum*. **(EXHIBIT A)**, **(EXHIBIT B)** & **(EXHIBIT C)**.

2. On January 30, 2020, Defendant appeared at the deposition with three Rule (26)(a)(1) witnesses but produced none of the documents requested by Plaintiff's subpoena.

1

3. As justification for failing to produce documents at the deposition on January 30, 2020, Defendant produced a letter dated January 10, 2020 objecting to Plaintiff's subpoena.

4. The first instance that Plaintiff knew about Defendant's January 10, 2020 letter objection was discovered the morning of the deposition on January 30, 2020.

5. Defendant stated that the letter was one of several attachments e-mailed to Plaintiff on January 10, 2020.

6. Defendant's objection stated that… " such document production would be inappropriate for fact witnesses to provide and more importantly all relevant documents have been produced at this time." **(EXHIBIT D )**

7. On January 30, 2020, Plaintiff continued to depose Defendant's Rule 26(a)(1) witnesses without subpoena's documents.

8. During Plaintiff's deposition of Wendy Pedrondi, she admitted that bank (Susquehanna Bank) had, a record retention policy, a record destruction policy and maintenance audit records and confidentiality agreements for Plaintiff's 2015 account over period covering January 2015 to September 2015.

9. Over the next several days of phone discussions, e-mails communications and writings, Defendant produced two (2) "totally new supplemental disclosures" in February of 2020.

10. The first supplemental document was produced on February 25, 2020 and the second disclosure on February 28, 2020, two(2) days before the extended period of discover was to end (March2, 2020). **(EXHIBIT E)** and **(EXHIBIT F).**

11. What makes these disclosures "totally new supplemental disclosures" are that they are the first two documents produced by Defendant in discovery since it began in

September of 2018.

12. Defendant's production of both "totally new supplemental disclosures" is clearly inconsistent with January 10, 2020 objection letter which asserts.... *"and more importantly all relevant documents have been produced at this time,"* and the deposition testimony of Wendy Pedrondi on January 30, 2020.

13. The February 25, 2020, produced by Defendant five(5) days before extened discovery was to end, is relevant to a claim at issue in Plaintiff's Amended Complaint. regarding adding new persons to an account that was already in existence such as hear in Plaintiff's case. **(EXHIBIT E )**

14. On February 28, 2020, Defendant produced a second totally new document entitled "Consumer Disclosure Overview". A review of said document is proof positive of Defendant's continues efforts to stone wall Plaintiff's diligence to obtain relevant documents in discovery. **(EXHIBIT F )**.

15. The February 28th document is nonresponsive to any claim in Plaintiff's Amended Complaint.

16. The subject matter covers "Consumer Privacy" and "Personal Fee Schedule Supplement", neither of which is a claim in Plaintiff's Amended Complaint.

17. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced: **( EXHIBIT A, B &C).**

(a). In regard to checking Account Number 10014673114, bring the signature card, customer agreement and deposit agreement for Richard A. Johnson, Sr.

(1) On January 10, 2020 Defendant Objected.

(2). See Paragraph 1. of Defendant's Written Response and Objections dated

3

October 26, 2018 to Plaintiff's Request for Production of Document. **(EXHIBIT G )**.

18. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(b). In regard to checking Account Number 10014673114, bring the signature card, customer agreement and deposit agreement for Richard A. Johnson, Jr.

(1) On January 10, 2020 Defendant Objected. **(EXHIBIT-D)**.

(2). See Paragraph No.1/Paragraph No.4 and Paragraph No. 6. OF Defendant's Written Response and Objections dated October 26, 2018 to Plaintiff's Request for Production of Document. **(EXHIBIT G)**.

19. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(c). In regard to checking Account Number 10014673114, bring the written authorization, signed by account holder changing the mailing address of the monthly bank statements from 321 Pemberton Road, Kennett Square, Pennsylvania to 519 School House Road Kennett Square, Pennsylvania. ( **EXHIBIT K**- Customer Deposit Agreement Paragraph No. 12).

(1) On January 10, 2020 Defendant Objected.

(2). See Paragraph 4. for Defendant's Response and Objections dated October 26, 2018 to Plaintiff's Request for Production of Document. **(EXHIBIT G )**.

20. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(d). In regard to checking Account Number 10014673114, starting with the opening date of January 2015, until said account closed in September 2015, bring an account maintenance record/audit, along with paper or electronic supporting documents,

4

showing what, when, and by whom, each event recorded for said account;

(1) On January 10, 2020 Defendant Objected.

(2) During January 30, 2020 Deposition of Wendy Pedrondi, she testified that account maintenance record/audit existed at Susquehanna during January 2015 and September 2015. **(EXHIBIT-H).**

21. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(e). In regard to checking Account Number 10014673114, bring a copy of policy or procedure utilized by Defendant to add both Richard A. Johnson, Sr., and Richard A. Johnson, Jr. to Plaintiff's existing checking account;

(1) On January 10, 2020 Defendant Objected.

(2). Defendant's February 25, 2020 supplemental disclosure is relevant to a claim at issue in Plaintiff's Amended Complaint regarding the bank's procedure for opening new checking account and for adding new persons to an existing as hear in the Plaintiff's case. **(EXHIBIT-E).**

22. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(f). For the period covered by January of 2015 to September of 2015, bring a copy of Defendant's Record's Retention and Destruction Policy specifically regarding signature cards, customer agreements and deposit agreements.

(1) On January 10, 2020 Defendant Objected.

(2) See Paragraph 4. for Defendant's Written Response and Objections dated October 26, 2018 to Plaintiff's Request for Production of Document. **(EXHIBIT G).**

(3) During January 30, 2020 Deposition of Wendy Pedrondi testified that during

5

January 2015 and September 2015 period Defendant had a Records Retention and Destruction Policy. **(EXHIBIT I).**

23. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(g). For the period covered by January of 2015 to September of 2015, bring a copy of the job description in effective for Wendy Pedrondi, Sohini Parikh and Michelene Miller.

(1) On January 10, 2020 Defendant Objected.

(2) See Paragraphs No. 1, Paragraphs No. 2 and Paragraphs No. 3 of Defendant's Written Response and Objections dated February 25, 2019 to Plaintiff's Second Request for Production of Document. **(EXHIBIT M ).**

24. Plaintiff's Notice of Deposition/subpoena *duces tecum* for the January 30, 2020 Deposition asked for the following documents to be produced:

(h). For the period covered by January of 2015 to September of 2015, bring a copy of the confidentiality agreement in effective for Michelene Miller, Sohini Parikh and Wendy Pedrondi.

(1) On January 10, 2020 Defendant Objected.

(2) During January 30, 2020 Deposition of Wendy Pedrondi testified that signed a confidentiality agreement. **(EXHIBIT-J ).**

**WHEREFORE**, Plaintiff request this Court to order production by Defendant of all discovery in Plaintiff notice of deposition and subpoena duces tecum and award an amount in attorney fees for Defendaant's conduct for Plaintiff having to file this motion to compel discovery.

/s/ Marvin J Powell, Esquire
POWELL LAW ASSOCIATES, LLC
PA. ID No. 38129
234 Kennedy Drive
South Coatesville, PA 19320-3969
610.489.1714(office)
Email: powelllawassociates@fast.net
Attorney for Plaintiff, Barbara Johnson