# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO.: 2:17-CV-04490-JCJ |
| v. | |
| BRANCH BANKING AND TRUST COMPANY, SUCCESSOR BY MERGER TO SUSQUEHANNA BANK, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| RICHARD A. JOHNSON, JR. and VIRGINIA THOMAS | |
| Third-Party Defendants. | |

## BRANCH BANKING AND TRUST COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS

NOW COMES Defendant Branch Banking and Trust Company, Successor by Merger to Susquehanna Bank[1] (the "Bank"), by and through its undersigned counsel as hereby files this Statement of Undisputed Facts, stating as follows:

---

[1] BB&T Bank is now known as Truist Bank. The parties will submit a joint stipulation reflecting this name change.

1.      Barbara Johnson ("Barbara") and Richard Johnson, Sr. ("Senior") were married or living together for thirty years as of 2014. *See* Barbara Johnson Deposition Transcript, attached hereto as Exhibit A at 25:9-12.

2.      Together, they co-owned four properties in Kennett Square, Pennsylvania. Exhibit A at 26:23-27:24.

3.      On New Year's Eve of 2014, two of the properties—200 and 202 East Linden Street—caught fire and suffered substantial damage. *Id.* at 29:3-6.

4.      Accordingly, Barbara and Senior filed an insurance claim for the damage. *Id.* at 30:1-10.

5.      Senior opened an account with then Susquehanna Bank to handle all payments for repairs and renovations to the damaged property and to deposit the insurance payments (the "3114 Account"). *Id.* at 70:7-16.

6.      Senior had a preexisting bank account with the Bank, so he was not required to sign a new customer agreement when opening the account. *See* Richard Sr. Account Agreement, attached hereto as Exhibit B ("This Agreement is designed to eliminate most signature cards and written authorizations when opening future accounts.").

7.      Specifically, prior to January 2015, Senior opened an individual checking account (a "Senior Relationship Checking") at the Bank. *Id.*

8. This account was assigned an account number ending in 0301 (the "0301 Account").

9. The 0301 Account also listed his son, Richard A. Johnson Jr. ("Junior") as the attorney-in-fact for Senior. Senior gave Junior a power of attorney over all of his accounts at the Bank. *See* Power of Attorney Document, attached hereto as Exhibit C; *see also* Richard Jr. Account Agreement, attached hereto as Exhibit D.

10. By their express terms, both the Senior and Junior Account Agreements applied to both their 0301 Account and all other accounts opened at BB&T. Exhibit B; Exhibit D.

11. With respect to the 3114 Account, Senior, his wife Barbara, and Junior were identified as owners on the account. Exhibit A at 70:7-12.

12. Barbara claims she was not aware Junior was added to the Account.

13. In any event, the bank statements beginning in February 2015 have Junior identified as an accountholder. *See* Bank Account Statements, attached hereto as Exhibit E.

14. By opening the 3114 Account, Barbara entered into and agreed to the terms of the Susquehanna Bank Deposit Account Agreement dated September 2014 (the "Susquehanna Account Agreement"). *See* Susquehanna Account Agreement, attached hereto as Exhibit F.

7712996.1

15. The 3114 Account was jointly owned by Barbara, Senior, and Junior. *See* Decision of Judge Tunnell, attached hereto as Exhibit G at Finding of Fact Number 13, page 4.

16. Because the fire had destroyed her residence, Barbara listed her mailing address as 321 Pemberton Road, Kennett Square, Pennsylvania 19348. Exhibit A at 135:17-22.

17. Barbara was not living at 321 Pemberton Road when she designated this as her mailing address. *Id.* at 135:23-24.

18. 321 Pemberton Road is vacant land containing a storage trailer used by Senior. *Id.* at 136:1-3.

19. The Bank sent the monthly bank statements for the 3114 Account to 321 Pemberton Road, Kennett Square, Pennsylvania 19348 dated February 17, 2015, March 12, 2015, April 13, 2015 and May 13, 2015. Exhibit E.

20. Barbara did not review any of these statements. Exhibit A at 174:17-176:24.

21. Barbara did not go to the Bank to get duplicate copies of the statements. Exhibit A at 176:12-16.

22. Each of these statements included the names of Barbara, Senior, and Junior as joint account owners. Exhibit E.

23.     Barbara agreed that had she reviewed the bank account statements, she would have realized that the 3114 Account was titled jointly with Junior Exhibit A at 175:17-176:11.

24.     Barbara also agreed that had she seen Junior's name on the 3114 Account statements, she would have "immediately notified the bank" that she had concerns about the titling of the account. *Id*. at 176:5-8.

25.     In June 2015 the address of record for the 3114 Account was changed to 519 School House Road, Kennett Square, Pennsylvania 19348. *See* June 2015 Bank Statement, attached hereto as Exhibit H.

26.     Barbara did not notice this because she was already not monitoring bank statements.

27.     Barbara recalls receiving and signing several checks from the insurer for deposit in the Bank account. Exhibit A at 103:3-5.

28.     Barbara agrees that Senior was authorized to deposit the checks into the 3114 Account. Exhibit A at 78:15-19.

29.     Barbara was also aware that Junior had power of attorney for Senior *See* Power of Attorney Document, attached hereto as Exhibit C; Exhibit A at 75:12-76:4.

30.     The power of attorney allowed Junior to deposit checks on behalf of his father, Senior. *Id*.

31. Over the course of the following six months, just over $500,000 in insurance checks were deposited in the 3114 Account. *See* Exhibit G at ¶ 13.

32. Barbara testified at her deposition that she did not object to these checks being deposited in the 3114 Account, since that is what the 3114 Account was for. Exhibit A at 78:20-79:1.

33. Junior then withdrew funds as an owner of the 3114 Account.

34. Although bank statements showing these withdrawals were sent to the address provided by Barbara, she claims she did not look at the bank statements and left that to her husband, Senior Exhibit A at 174:17-176:24.

35. Richard Sr. passed away in September 2015. Exhibit A at 82:1-7.

36. Shortly following his death, Ms. Johnson learned that there were just "pennies" left in the 3114 Account. Exhibit A at 82:8-13.

37. Barbara did not raise any complaint to the Bank at that time regarding the account. *Id.* at 83:4-18.

38. The first notice she gave to the Bank of any claimed fraud, unauthorized withdrawals, or other dispute with the account was by letter from her counsel on April 6, 2017. Exhibit A at 145:13-23; April 6, 2017 Letter, attached hereto as Exhibit I.

39. Barbara brought a claim against Junior in Chester County Orphans' Court for his alleged conversion of the funds.

6

7712996.1

40. Following trial, Judge Tunnell issued an opinion finding that Junior deposited $509,110 in the bank account titled to Barbara, Senior and Junior. Exhibit G.

41. He entered judgment in favor of Barbara for $200,000, representing the amount that Junior could not account for spending on renovations to the fire damaged properties. *Id*.

42. The relationship between the Bank and Barbara is governed by the Susquehanna Account Agreement.

43. Under the Susquehanna Account Agreement, Barbara Johnson was obligated to promptly review her statements no later than thirty days after they are issued and then report any disputes on those statements no later than sixty days after the statement is issued. *Id*. at p. 5.

Respectfully submitted,

By: /s/Justin A. Tomevi
Robert J. Tribeck, Esquire
PA I.D. No. 74486
Justin A. Tomevi, Esquire
PA I.D. No. 313661
213 Market Street, 12th Floor
Harrisburg, PA 17101
rtribeck@barley.com
jtomevi@barley.com

7712996.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2020, a true and correct copy of the foregoing document was served electronically on the following:

>Marvin J. Powell, Esq.
>Powell Law Associates, LLC
>234 Kennedy Drive
>South Coatesville, PA 19320
>Attorney for Plaintiff
>
>Eugene A. Steger, Jr., Esquire
>Eugene Steger & Associates PC
>411 Old Baltimore Pike
>Chadds Ford, PA 19317
>Attorney for Third-Party Defendant

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

>BARLEY SNYDER
>
>By: /s/Justin A. Tomevi
>  Robert J. Tribeck, Esquire
>  PA I.D. No. 74486
>  Justin A. Tomevi, Esquire
>  PA I.D. No. 313661
>  213 Market Street, 12th Floor
>  Harrisburg, PA 17101
>  rtribeck@barley.com
>  jtomevi@barley.com

7712996.1