IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO.: 2:17-CV-04490-JCJ |
| v. | |
| BRANCH BANKING AND TRUST COMPANY, SUCCESSOR BY MERGER TO SUSQUEHANNA BANK, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| RICHARD A. JOHNSON, JR. and VIRGINIA THOMAS | |
| Third-Party Defendants. | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant/Third-Party Plaintiff's Branch Banking and Trust Company, Successor by Merger to Susquehanna Bank[1] ("the Bank"), hereby responds to Plaintiff, Barbara Johnson's Motion to Compel Discovery as follows:

---

[1] Branch Banking and Trust Company is now known as Truist Bank. A stipulation to update the caption is forthcoming.

7755288.1

## I.     FACTUAL BACKGROUND

Plaintiff's instant motion is the third time in as many months that Plaintiff has run to this Court at either the eleventh hour or, in the instant case, nearly one month after discovery – which had been extended multiple times – closed on a case pending with this Court for two years and four months. On the first occasion in January 2020, Plaintiff concedes to have reached out to the Court without even engaging in any efforts to resolve the Bank's valid objections.[2]

The Court extended the discovery deadline to March 2, 2020 to allow the parties to complete discovery. In an effort to resolve the discovery dispute without further court intervention, the Bank made yet another search for documents and located internal policy documents that, although not relevant to this matter, it promptly produced.

Despite the Bank's final supplementation of discovery within days of discovering those documents, Plaintiff reached out to the Court yet again in late February claiming that the Bank was withholding documents which the Bank time and again indicated it did not have. Plaintiff now, nearly a month after discovery has closed and with Defendant's summary judgment motion pending, now seeks

---

[2] Plaintiff suggests in its Motion that the Bank did not submit objections to her January 10, 2020 subpoena until the deposition of the subpoenaed employees. Plaintiff's Motion ¶ 4. This is not true. Plaintiff's attorney conceded on a February 6, 2020 call with this Court it was a technological failure on his end that he did not receive the timely filed objections from the Bank. Given Plaintiff's failure to respond to the objections, the Bank had no reason to anticipate that Plaintiff had an issue with those objections.

documents which the Bank properly and timely objected to producing, documents which the Bank confirmed it is unable to locate and, perhaps most importantly at this juncture, documents to which Plaintiff withdrew her request for production of several weeks ago. Even more surprisingly, despite claiming that it is missing documents necessary to its case, Plaintiff has now filed her own motion for summary judgment claiming that she has all the documents she needs to prevail without a trial. The Bank has satisfied its requirements for a good faith search for documents and has produced all discoverable documents, even those that are irrelevant to Plaintiff's breach of contract claim.

## II. QUESTION PRESENTED

    **A.** **Whether the Bank has Produced all Discoverable Documents Located after a Good Faith Search in its Possession and is Otherwise in Compliance with its Discovery Obligations?**

    **Suggested Answer: Yes.**

## III. ARGUMENT

    **A.** **The Bank has Produced all Discoverable Documents Located after a Good Faith Search in its Possession and is Otherwise in Compliance with its Discovery Obligations.**

        **1.** **The Bank's Discovery Obligation**

FRCP 26(b)(1) provides the follow construct for evaluating the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(emphasis added).

This is not a matter of a dispute over the Bank alleging certain privileges or refusal to turn over or search for records. As detailed below, the Bank has provided complete responses to Plaintiff's discovery requests, providing (1) all records in its possession for Account 3114 and (2) all internal policies and informational records located and apparently applicable to Plaintiff's deposit account. Despite the Bank explaining on multiple occasions that its production is complete, Plaintiff either disbelieves Defendant or seeks to unnecessarily burden the Defendant and this Honorable Court with additional filings.

## 2. Scope of the Case

Plaintiff's sole claim is that the Bank breached a contractual obligation to her as a result of her stepson Richard Johnson, Jr. ("Junior") being a joint title holder on an account ending in 3114 ("Account 3114"). Between (1) the Bank's subpoena production in a prior litigation where Plaintiff sued Junior and (2) the instant action,

the Bank has provided hundreds of pages of discovery, comprising all documents the Bank has relative to Account 3114. The Bank has reached out to five different internal departments during the course of the litigation to ensure that everything discoverable in the Bank's possession has been produced. Put simply, the Bank is not refusing to produce a single document relative to the Account 3114. Plaintiff has all documents for Account 3114 that the Bank has located.

From the time Plaintiff issued a subpoena to the time she initiated the instant action to the time she issued discovery requests to as recently as February 2020, the Bank has conducted multiple searches of its systems for any and all records for Account 3114. In its most recent February 2020 search, it did discover (1) only one new account record- a summary document which confirmed Account 3114 was jointly titled to Plaintiff, Junior and Plaintiff's late husband, Richard Johnson, Sr. ("Senior") and (2) 66 pages of internal policy and informational documents about deposit accounts from Susquehanna Bank (bates number BB&T000170-BB&T000236). Between prior productions and the February 2020 supplement, the Bank had located all responsive documents in its possession.

On multiple occasions, the Bank has explained to Plaintiff that its production is complete, clearly to no avail. *See* Correspondence dated February 20, 2020, and Emails dated February 25, 2020 and February 28, 2020, attached hereto as Exhibit A. Despite its multiple communications to Plaintiff regarding the completeness of

5

7755288.1

its production, the Bank even agreed to Plaintiff's suggestion of including a summary of its search efforts in a stipulation. *See* Proposed Stipulation, attached hereto as Exhibit B. Rather than continue with the process of drafting a joint stipulation, Plaintiff, without further meeting and conferring and instead going silent for twenty days, filed this instant motion.

### 3. Itemized Response to Plaintiff's List of Alleged Discovery Deficiencies

In response to each of the eight deficiencies alleged in Plaintiff's instant motion, the following should clarify for the Court how the Bank has acted in good faith and has already fully and appropriately responded to all alleged deficiencies:

| # | Alleged Discovery Deficiency | The Bank's Response |
|---|---|---|
| 1 | "In regard to checking Account Number 10014673114, bring the signature card, customer agreement and deposit agreement for Richard A. Johnson, Sr." Motion ¶ 17(a). | The Bank provided this information in response to a subpoena prior to this litigation. The customer agreement and deposit account agreement is bates numbered at BB&T000064 & BB&T000053-BB&T000058. As explained in the agreement itself, the customer agreement replaced the need for a signature card, so none exists. |

| | | |
|---|---|---|
| 2 | "In regard to checking Account Number 10014673114, bring the signature card, customer agreement, and deposit account agreement for Richard Johnson, Jr." Motion ¶ 18(a). | The Bank provided this information in response to a subpoena prior to this litigation. The customer agreement and deposit account agreement is bates numbered at BB&T000068 & BB&T000053-BB&T000058. As explained in the agreement itself, the customer agreement replaced the need for a signature card, so none exists. |
| 3 | "In regard to checking Account Number 10014673114, bring the written authorization, signed by account holder changing the mailing address of the monthly bank statements from 321 Pemberton Road, Kennett Square, Pennsylvania to 519 School House Road, Kennett Square, Pennsylvania." Motion ¶ 19(c). | After multiple good faith searches, the Bank does not have any documents responsive to this request and has repeatedly made this clear to Plaintiff. See Exhibit A. Notably, the Deposit Account Agreement permits the Bank to change an address without a written authorization, at the Bank's discretion. |

| 4 | "In regard to checking Account Number 10014673114, starting with the opening date of January 2015, until said account closed in September 2015, bring an account maintenance record/audit, along with paper or electronic supporting documents showing what when, and by whom each event recorded for said account." Motion ¶ 20(d). | The Bank has provided all statements for the account during the time period at issue, which documents all transactions, bates numbered at BB&T000001-BB&T000051. The Bank also provided an account summary document it located in February 2020. See Exhibit A. After multiple good faith searches, the Bank does not have any further documents responsive to this request. |
|---|---|---|
| 5 | "In regard to checking Account Number 10014673114, bring a copy of policy or procedure utilized by Defendant to add both Richard A. Johnson, Sr., and Richard A. Johnson, Jr. to Plaintiff's existing checking account." Motion ¶ 21(e). | The Bank provided deposit account policies in February 2020, bates numbered at BB&T000170-BB&T000214. |
| 6 | "For the period covered by January of 2015 to September of 2015, bring a copy of Defendant's Record's | **Plaintiff specifically withdrew this request.** See Proposed Stipulation from Plaintiff, attached hereto as Exhibit C |

| | | |
|---|---|---|
| | Retention and Destruction Policy specifically regarding signature cards, customer agreements, and deposit agreements." Motion ¶ 22(f). | (including confirmation of withdrawal of requests in paragraph 10). Nonetheless, after a good faith search, the Bank does not have access to its predecessor, Susquehanna Bank's record retention policy for signature cards, customer agreements, and deposit agreements. More importantly, the Bank has produced customer agreements and deposit account agreements for Plaintiff, Junior, and Senior, and, as explained above, no signature cards exist. |
| 7 | "For the period covered by January of 2015 to September of 2015, bring a copy of the job description in effective [sic] for Wendy Pedrondi [sic], Sohini Parikh and Michelene Miller." Motion ¶ 23(g). | After a good faith search, the Bank does not have access to its predecessor, Susquehanna Bank's job descriptions for these employees for this time period. Plaintiff thoroughly questioned these employees during their depositions regarding their job descriptions. Further, it is unknown as to how such job |

| | | |
|---|---|---|
| | | descriptions could be in any way relevant to Plaintiff's breach of contract claim. |
| 8 | "For the period covered by January of 2015 to September of 2015, bring a copy of the confidentiality agreement in effective [sic] for Michelene Miller, Sohini Parikh and Wendy Pedrondi [sic]." Motion ¶ 24(h). | **Plaintiff specifically withdrew this request.** *See* letter from Plaintiff, attached hereto as Exhibit C, ¶ 10. Nonetheless, after a good faith search, the Bank does not have in its possession a Susquehanna Bank "confidentiality agreement" for these employees. Further, it is unknown as to how such confidentiality agreements could be in any way relevant to Plaintiff's breach of contract claim. At no point during their depositions did the Bank employees refuse to answer questions based on a confidentiality agreement. |

### 4. Wendy Petrondi's Testimony

Plaintiff bases her entire motion to compel on the premise that Bank employee Wendy Petrondi testified at her deposition that the Bank's predecessor, Susquehanna

10

Bank, had (1) a records retention and destruction policy relative to signature cards, customer agreements, and deposit account agreements, (2) maintenance records for the accounts and, (3) she has a confidentiality agreement with her current employer Branch Banking and Trust Company (now Truist Bank).

### a.   Records Retention and Destruction Policy

As to the first issue, the Bank has searched its records and the records it has for Susquehanna Bank and has not located a records retention and destruction policy relative to signature cards, customer agreements, and deposit account agreements. Upon explaining this to Plaintiff, Plaintiff specifically withdrew this discovery request. *See* Exhibit C, ¶ 10. More importantly, the Bank has produced the customer agreements and deposit account agreements for Plaintiff, Junior, and Senior, so such documents are not missing. As explained above, the customer agreement obviated the need for a "signature card" and, accordingly, no such cards exist.

Wendy Petrondi, a branch employee, testified in her individual capacity and not as a corporate designee or records custodian in her deposition. She testified that she recalled the Bank's predecessor, Susquehanna Bank, having a records retention and destruction program. *See* Plaintiff's Motion, Exhibit I. The Bank does not dispute this testimony, but it simply cannot locate such a policy after a good faith search. Furthermore, in addition to not being a corporate designee, Ms. Petrondi was

11

never an employee responsible for maintenance of Susquehanna Bank's record retention and destruction policy.

### b.  Account Maintenance Records

As to the second issue, the Bank has provided all statements for the account during the time period at issue, which documents all transactions, bates numbered at BB&T000001-BB&T000051 The Bank also provided an account summary document it located in February 2020. See Exhibit A. After multiple good faith searches, the Bank does not have any further documents that would represent maintenance records for Account 3114 and is not otherwise withholding a single Account 3114 record from Plaintiff that is in the Bank's possession. Ms. Petrondi is not a corporate designee or records custodian for the Bank and would not have any more access to records than those already produced to Plaintiff.

### c.  Employee Confidentiality Agreements

As to the third issue, Plaintiff specifically withdrew her request for employee confidentiality agreements.[3] *See* Exhibit C, ¶ 10. Further, it is unknown as to how such confidentiality agreements could be in any way relevant to Plaintiff's breach of contract claim. At no point during their depositions did the Bank employees refuse to answer questions based on a confidentiality agreement.

---

[3] Notably, during her deposition was specifically asked whether she has a confidentiality agreement with BB&T, the successor to her employer during the time period at issue, Susquehanna Bank. She responded that she does currently have a confidentiality agreement with her current employer, but Plaintiff failed to ask about a confidentiality agreement that Ms. Petrondi may have had during her time at Susquehanna Bank. *See* Plaintiff's Motion, Exhibit J.

7755288.1

## IV. CONCLUSION

Plaintiff discovered that her stepson had taken funds out of Account 3114 no later than September 2015. Instead of immediately notifying the Bank of any dispute relative to Account 3114, as required by the Deposit Account Agreement, she waited nearly two years, until April 2017, to notify the Bank of her claims. *See* Defendant's Statement of Undisputed Material Facts, ¶ 38 (ECF Doc. 76). In addition to not notifying the Bank of a dispute with Account 3114, she also failed to ask the Bank to place any type of litigation hold for records. In late 2015/early 2016, Susquehanna Bank was acquired by Branch Banking and Trust Company and its systems and account records were merged into those of Branch Banking and Trust Company. Had Plaintiff immediately notified the Bank of the dispute, as she was contractually required to do, it is a possibility that there would be more records.

This instant motion is a desperate attempt by Plaintiff- nearly a month after an extended discovery period has closed- to attempt to keep the case alive by manufacturing a discovery dispute. The Bank has provided any and all documents it has in its possession relative to the Account. Additionally, in an attempt to satisfy Plaintiff and avoid unnecessarily involving this Honorable Court, the Defendant has conducted supplemental searches in an attempt to discover other documents, despite having asserted valid and timely objections to production of the same. Nevertheless, Plaintiff continues to involve the Court in an apparent effort to force the Bank to

produce documents that it has searched for on multiple occasions and simply does not have. Stated differently, even if Plaintiff were to obtain the relief it seeks in the instant motion, the Bank has nothing else it can provide after multiple exhaustive searches.

After over two years of litigation, Plaintiff saved any discovery disputes until the last minute. Discovery is closed and has been for over a month. The Bank has submitted a meritorious motion for summary judgment that is pending before the Court. Trial is scheduled for next month.[4] The Bank has consistently acted in good faith and fulfilled its obligations relative to discovery in this matter and simply cannot produce documents that it has searched for and does not have or cannot locate.

WHEREFORE, counsel for Defendant Branch Banking and Trust Company, Successor by Merger to Susquehanna Bank requests that this Court dismiss Plaintiff's Motion to Compel and grant Defendant its reasonable expenses incurred in opposing the motion, including attorney's fees pursuant to FRCP 37(a)(5)(B).

---

[4] Given the uncertain timeline of the global pandemic, the Bank intends to request a continuance of this case from the May trial term until a later date.

                                Respectfully Submitted,

By: /s/Justin A. Tomevi
    Robert J. Tribeck, Esquire
    PA I.D. No. 74486
    Justin A. Tomevi, Esquire
    PA I.D. No. 313661
    213 Market Street, 12th Floor
    Harrisburg, PA 17101
    rtribeck@barley.com
    jtomevi@barley.com
    (717) 852-4977
    *Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2020, a true and correct copy of the foregoing document was served electronically on the following:

>Marvin J. Powell, Esq.
>Powell Law Associates, LLC
>234 Kennedy Drive
>South Coatesville, PA 19320
>*Attorney for Plaintiff*

>Eugene A. Steger, Jr., Esquire
>Eugene Steger & Associates PC
>411 Old Baltimore Pike
>Chadds Ford, PA 19317
>*Attorney for Third-Party Defendants*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/Justin A. Tomevi

7755288.1