# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANCH BANKING AND TRUST COMPANY, SUCCESSOR BY MERGER TO SUSQUEHANNA BANK,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>RICHARD A. JOHNSON, JR. and VIRGINIA THOMAS<br><br>    Third-Party Defendants. | CIVIL ACTION NO.: 2:17-CV-04490-JCJ |

## DEFENDANT/THIRD PARTY PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO EXPERT TESTIMONY

NOW COMES Defendant Branch Banking and Trust Company, Successor by Merger to Susquehanna Bank[1] (the "Bank"), by and through its undersigned counsel and hereby files this Memorandum in Opposition to Plaintiff's Objections to Expert Testimony, stating as follows:

---

[1] The Bank is now known as Truist Bank. A joint stipulation will be filed reflecting this name change.

7790483.1

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On February 6, 2020, this Court issued an amended scheduling order providing the applicable deadlines in this matter. In compliance with that order, on March 9, 2020, the Bank provided all other parties with the expert report of James Kreig. Pursuant to the same order, all *Daubert* motions were to be filed by April 6, 2020.

Mr. Kreig has been general counsel to banks since 1980, and most recently served as Senior Vice President and General Counsel to Kearny Bank. Mr. Kreig was retained by the Bank to analyze the case materials and to provide an opinion regarding whether the Bank complied with its internal policies, applicable law, and standard banking procedures during the course of its operations relative to this matter. Mr. Kreig ultimately provided an opinion that the Bank acted with ordinary care and consistent with the standards of the banking business in allowing Plaintiff's step son to deposit her checks without her endorsement and in allowing her step son, as a joint owner of the account, to withdraw those funds. He also opined that Plaintiff's failure to monitor her bank statements and report any claimed fraud in a timely manner was a breach of both the Bank's customer agreement and deposit account agreement (the "Susquehanna Account Agreement") and Pennsylvania law. A true and correct copy of Mr. Kreig's expert report is attached hereto as Exhibit A.

While no *Daubert* motion was filed prior to the Court's April 6, 2020 deadline, in the Joint Pre-Trial Memorandum, Plaintiff indicated for the first time that she intends to object to Mr. Kreig's testimony. Specifically, Plaintiff claims that Mr. Kreig's opinion that the Bank acted with ordinary care and consistent with reasonable commercial standards in regard to deposit of checks without Plaintiff's indorsement, or with a fraudulent indorsement, is improper. Plaintiff has also non-specifically indicated she will object to "all legal conclusions" conclusions offered by Mr. Kreig. Not only has Plaintiff waived any objection to Mr. Kreig's testimony, this objection is without substantive merit.

## II. ARGUMENT

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993), the Supreme Court held that when "[f]aced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact in issue." If so, the testimony is admissible. Mr. Kreig does have the knowledge and experience necessary to qualify him as an expert in the banking industry, and his testimony will be helpful to the jury in understanding the complex network of regulations and banking practices applicable. Moreover, Plaintiff's untimely objection to his testimony operates as a waiver of any *Daubert* objections.

7790483.1

### a. Plaintiff has waived any objection to Mr. Kreig's testimony by failing to timely raise it.

Plaintiff has indicated an intention to object to the expert opinion of James Kreig. As an initial matter, this objection is untimely. Pursuant to this Court's February 6, 2020 Order, all objections to the Bank's expert testimony must have been presented by April 6, 2020. There was no such motion presented before that deadline. By failing to comply with the deadline, Plaintiff has waived any objection to Mr. Kreig's testimony.

A scheduling order may only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16. Plaintiff has failed to identify any "good cause" for failing to raise her *Daubert* objections prior to the deadline imposed by the Court's scheduling order. Indeed, Plaintiff has not even formally raised her objections, but instead apparently intends to simply present the objection at trial.

*Daubert* commands that reliability and relevance determinations be made "at the outset." 509 U.S. at 592. The use of the phrase "at the outset" underscores an intention to require that expert testimony be challenged promptly. The Tenth Circuit Court of Appeals addresses the issue of timely *Daubert* motions in *Mascenti v. Becker*, 237 F.3d 1223 (10th Cir. 2001). In that case, the Court determined that the party opposing the expert testimony "forfeited the opportunity to subject the expert testimony" of the identified experts "to a *Daubert* challenge by failure to make a timely objection…" *Id*. at 1231-1232. *Daubert* does not

mandate an inquiry questioning and challenging the scientific proffer absent a timely request by an objecting party. *Id*. at 1231-1232.

Plaintiff failed to timely raise any objection to the Bank's expert testimony. Absent a showing of good cause for a modification of the scheduling order, Plaintiff has waived any objection to the testimony by failing to timely assert her objections. Accordingly, any objection brought now or at trial must be overruled.

### b. James Kreig may testify as to the law and apply his experience to determining whether the Bank complied with applicable laws.

Plaintiff's objections lack clarity, as she has only identified a complaint that Mr. Kreig opines on "legal conclusions" without properly and specifically identifying the objectionable opinions. All of the opinions expressed in Mr. Kreig's report are reliable, helpful to the fact finder, and permitted under the Federal Rules of Evidence.

In cases involving expert opinion, admissibility under Rule 702 depends on whether the opinion "will assist the trier of fact to understand the evidence or to determine a fact in issue." A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the reliability of the testimony. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). Rejection of expert testimony is the exception, rather than the rule. *See* Fed. R. Evid. 702; *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 530 (6th Cir. 2008). The test of an expert's reliability is flexible, and a district court has broad

5

latitude in determining how to evaluate reliability. *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 144 (1999).

Moreover, it is well established that an expert may testify as to custom and practice in a profession or industry. *American Nat'l Fire Ins. Co. v. Mirasco*, 265 F. Supp. 2d 240, 252 (S.D.N.Y. 2003); *Levin v. Dalva Brothers, Inc.*, 459 F.3d 68, 79 (1st Cir. 2006) ("expert testimony on industry standards is common fare in civil litigation"). Fed. R. Evid. 704(a) provides that expert testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *See also Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 529 (9th Cir. 1986); *American Nat'l Fire Ins.*, 265 F. Supp. at 252 ("An expert may... include factual conclusions and opinions embodying legal conclusions that encroach upon the court's duty to instruct upon the law").

The primary limitation on the scope of an expert's testimony is helpfulness: testimony that is helpful to the jury may be admissible, while testimony that is not helpful can be excluded. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir.1993) ("The boundary between [admissible and inadmissible expert testimony] is defined by helpfulness."). "[I]n certain circumstances, such as cases involving specialized industries, 'opinion testimony that arguably states a legal conclusion is helpful to the jury, and thus, admissible.'" *United States v. McIver*, 470 F.3d 550, 562 n.13

7790483.1

(4th Cir. 2006) (quoting *United States v. Barile*, 286 F.3d 749, 760 n. 7 (4th Cir. 2002) (*quoting* Weinstein's Federal Evidence § 704.04[2][a] (2d ed. 2001))).

As the Tenth Circuit has explained: "We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988); *see also A.E. v. Independent School Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991) (expert is permitted to "refer to the law in expressing his or her opinion"); *Camacho v. Nationwide Mut. Ins. Co.*, 13 F. Supp. 3d 1343, 1366 (N.D. Ga. 2014) ("An expert does not invade the court's authority by discoursing broadly over the entire range of the applicable law where the opinion is focused on a specific question of fact.").

In fact, in certain situations, an expert may even be required to mention the law to render his or her opinions admissible. *See* Notes of Advisory Committee on Proposed Rule 704 (Fed. R. Civ. P. 701 and 702 "stand ready to exclude opinions phrased in terms of inadequately explored legal criteria."). In fact, "[e]xpert witnesses are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).

7

The admissibility of opinion testimony that may involve legal conclusions ultimately rests upon whether that testimony helps the jury resolve the fact issues in the case. This requires both that the jury can understand what the witness has to say and relate it to the facts. Here, Mr. Kreig's testimony simply lays a framework under which the jury can understand the complex retail banking procedures in the banking world. This is permissible and helpful to jury. *See Cook v. Great W. Bank & Tr.*, 141 Ariz. 80, 88, 685 P.2d 145, 153 (Ct. App. 1984) (relying on expert testimony regarding "reasonable commercial standards" in the banking industry).

The Bank believes that this case can be resolved at summary judgment by analyzing Plaintiff's allegations against the Susquehanna Account Agreement. However, if the Bank's summary judgment arguments are rejected, Mr. Kreig's testimony will be necessary to explain how the banking industry bases its operations on compliance with applicable law. A juror cannot understand why banks do what they do without reference to this relevant law and Plaintiff clearly intends to claim that several actions that the Bank took in this matter were in some way inconsistent with its legal obligations.  For example, the reason why a bank would permit a check to be deposited into a payee's account without the payee's endorsement is that Section 4-205 of the UCC protects the bank by expressly permitting a bank to do so.  If the expert could not describe Section 4-205, the

expert could not explain why it is commercially reasonable for a bank to accept an unendorsed check for deposit into the payee's account.

Federal courts frequently admit expert opinion testimony on "the meaning of complex documents and regulations… the application of complex tax or accounting concepts, and other matters." 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6284 (1997). As the Eighth Circuit has recognized, "[d]oubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357, 1360 (8th Cir. 1990) (internal citations omitted).

Mr. Kreig has significant experience in the banking industry and will provide clarity to the jury on standard banking practices and compliance with federal and state laws. His opinions are supported by his education and experience, which are reliable and helpful in understanding a complex field. Mr. Kreig has been general counsel to banks for forty years and has been in the banking industry for nearly fifty years. He has authored articles that have been published in the Banking Law Journal, and has served as an expert witness on approximately 150 occasions, starting in 1993. His expertise has only been challenged on one prior occasion and after the court held a *Daubert* hearing, it was concluded that Mr. Kreig was qualified to testify as an expert. No court has ever determined that Mr.

7790483.1

Kreig was not qualified to testify as an expert in banking. Plaintiff's objections to his testimony should be overruled.

## III. CONCLUSION

WHEREFORE Defendant Branch Banking and Trust Company, as successor to Susquehanna Bank, hereby requests this Honorable Court overrule any objections Plaintiff may have to the testimony of James Kreig.

BARLEY SNYDER

Dated: April 27, 2020            By: /s/Justin A. Tomevi
                                                    Robert J. Tribeck, Esquire
                                                    PA I.D. No. 74486
                                                    Justin A. Tomevi, Esquire
                                                    PA I.D. No. 313661
                                                    213 Market Street, 12th Floor
                                                    Harrisburg, PA 17101
                                                    rtribeck@barley.com
                                                    jtomevi@barley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2020, a true and correct copy of the foregoing document was served electronically on the following:

> Marvin J. Powell, Esq.
> Powell Law Associates, LLC
> 234 Kennedy Drive
> South Coatesville, PA 19320
> Attorney for Plaintiff
>
> Eugene A. Steger, Jr., Esquire
> Eugene Steger & Associates PC
> 411 Old Baltimore Pike
> Chadds Ford, PA 19317
> Attorney for Third-Party Defendant

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

> BARLEY SNYDER
>
> By: /s/Justin A. Tomevi
> Robert J. Tribeck, Esquire
> PA I.D. No. 74486
> Justin A. Tomevi, Esquire
> PA I.D. No. 313661
> 213 Market Street, 12th Floor
> Harrisburg, PA 17101
> rtribeck@barley.com
> jtomevi@barley.com

7790483.1