## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF
## PENNSYLVANIA

BARBARA JOHNSON,

        Plaintiff,             CIVIL ACTION NO.: 2:17-CV-04490-JCJ

    V.

BRANCH BANKING AND TRUST
COMPANY, SUCCESSOR BY MERGER
TO SUSQUEHANNA BANK,

        Defendant/Third-Party
        Plaintiff,

    V.

RICHARD A. JOHNSON, JR. and
VIRGINIA THOMAS

        Third-Party Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE RELEVANT EVIDENCE

/s/Marvin J. Powell, Esquire
POWELL LAW ASSOCIATES,
LLC PA. ID No. 38129
234 Kennedy Drive
South Coatesville 19320-3969
(610) 489-1714(office)
Email: powelllawassociates @fast.net
Attorney for Plaintiff, Barbara
Johnson

Date: May 4, 2020

## I.  INTRODUCTION

The issue in the current case before this Honorable Court is the lack of evidence and proof that a joint checking account existed between the three (3) Johnsons; Plaintiff Barbara Johnson, deceased husband Richard A. Johnson Sr., and stepson, Richard A. Johnson Jr.,  between January 2015 and September 2015.

## II.  STATEMENT OF THE FACTS

1.   The facts relevant to this matter and supported by evidence and testimony introduced at trial in the Orphans Court matter are contained in Judge Tunnell's opinion, are categorized as follows:

a)  That Richard A. Johnson Jr. Deposited $509,110.00 in Decedent and Plaintiff's Susquehanna Bank/BB&T account. [DKT No. 77-Exhibit A]

b)  That Richard A. Johnson Jr. set aside in his personal account, $300,000.00 and an additional $18,000.00.  [DKT No. 77 Exhibit A]

c)  That most, if not all of the endorsed checks, did not contain the signature of Plaintiff. [DKT No. 77 Exhibit A].

d)  That Plaintiff never saw any of the checks issued by Lititz. [DKT No. 77 Exhibit A]

2

e) That Richard A. Johnson Jr's testimony that he did not know who signed Plaintiffs check was not "credible". [DKT No. 77 Exhibit A]

f) That Richard A. Johnson Jr. kept $300,000.00 for himself and failed to account for an additional $200,000.00. [DKT No. 77 Exhibit A].

2.   On January 21, 2015 Plaintiff entered into a bilateral contract with Defendant to open a checking account for sole purpose of depositing insurance proceeds resulting from a fire at her residence on New Year's Eve of 2014. [DKT No. 77 Exhibit B].

3.   Therefore, at the time Plaintiff opened her account on January 21, 2015, she was an individual account holder/owner under customer/deposit agreement. [DKT No. 77-Exhibit B]

4.   As an existing account holder, Defendant needed Plaintiff's consent/authorization as a condition precedent, before Defendant could add anyone to Plaintiff's existing checking account. (See **EXHIBIT-A - BB&T/Susquehanna Procedure dated 2014 for Adding Person to Existing Account).**

However, without Plaintiff's consent/authorization:

(a). Defendant placed two unauthorized users on Plaintiff's personal checking account i.e., Richard A. Johnson, Sr., and her stepson Richard A.

3

Johnson, Jr.  [DKT No. 77 Exhibit D]

(b).    Defendant underlined created a joint checking account with Plaintiff's late husband Richard A. Johnson, Sr., and her stepson Richard A. Johnson, Jr. when both were added to her individual checking account; [DKT No. 77 Exhibit D]

(c). Defendant allowed non-account holder Richard A. Johnson, Jr., to deposit fraudulently endorsed insurance proceed checks made payable to Plaintiff and her now deceased husband into Plaintiff's personal checking account; [DKT No. 77 Exhibit A].

(d). Defendant allowed Richard A. Johnson, Jr., a non-account holder to change the address for mailing the monthly bank statements on Plaintiff's checking account from 321 Pemberton Road Kennett Square, Pennsylvania to his personal home address at 519 School House Road Kennett Square, Pennsylvania. [DKT No. 77 Exhibit E]

(e) Defendant allowed non-account holder Richard A. Johnson, Jr., to withdraw the insurance proceeds checks totaling $509,110.03 from Plaintiff's checking account;

(f)    Defendant's breached of customer/deposit agreements resulted Plaintiff suffering damages in the amount of $509,110.03, attorney fees, pre-judgment and post-judgment interest and emotional distress. [DKT No. 77

4

Exhibit C]

## III. QUESTIONS PRESENTED

A. **WHETHER THE COURT SHOULD ALLOW SETOFFS BASED ON JUDGMENTS SECURED BY PLAINITFF AGAINST RICHARD JOHNSON JR WHERE BB&T WAS NOT A PARTY TO THE ACTION AND $800,000.00 REPRESENTS UNCOLLECTED JUDGMENTS?**

B. **WHETHER RELEVANT EVIDENCE RELATED TO RICHARD JOHNSON JR.'S FRAUDULENT WITHDRAWALS OF FUNDS FROM PLAINTIFF'S 3114 ACCOUNT, ADMITTED TO BY RICHARD JOHNSON JR. IN A PRIOR LEGAL PROCEEDING, SHOULD BE EXCLUDED FROM EVIDENCE IN THIS MATTER?**

C. **WHETHER THE DOCTRINE OF COLLATERAL ESTOPPEL IS APPLICABLE IN THIS MATTER AND PREVENTS THE ADMISSION OF RELEVANT EVIDENCE RELATED TO RICHARD JOHNSON JR'S WITHDRAWAL OF FUNDS FROM PLAINTIFF'S 3114 ACCOUNT?**

D. **WHETHER RELEVANT FACTUAL FINDINGS BY A COURT IN A PRIOR LEGAL PROCEEDING SHOULD BE EXCLUDED BASED ON HEARSAY?**

E. **WHETHER RELEVANT EVIDENCE THAT RICHARD JOHNSON JR WAS NOT A TITLED ACCOUNT HOLDER ON THE 3114 SHOULD BE EXCLUDED BASED ON ESTOPPEL?**

F. **WHETHER PLAINTIFF SHOULD BE BARRED FROM CALLING A RELEVANT WITNESS LISTED ON THE PRETRIAL MEMORANDUM WITNESS LIST?**

G. **WHETHER PLAINTIFF SHOULD BE ALLOWED TO A 3% COST OF LIVING ADJUSTMENT WHERE PLAINTIFF IS ALREADY ENTITLED TO PER-JUDGMENT INTEREST AT 6%?**

H. **WHETHER RELEVANT EVIDENCE OF DEFENDANT'S BANKING POLICIES RELATING TO ACCOUNT HOLDERS, DEPOSITS AND WITHDRAWALS SHOULD BE EXCLUDED BECAUSE THEY ARE ALLEGEDLY NOT PART OF THE CONTRACT BETWEEN PLAINTIFF AND DEFENDANT?**

I. **WHETHER DEFENDANT WAIVED ITS COLLATERAL ESTOPPEL AND SET-OFF CLAIMS BECAUSE THEY WERE NOT PRESERVED AS AFFIRMATIVE DEFENSES?**

### IV.  STANDARD OF REVIEW -MOTIONS IN LIMINE

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. PA. 2017). On a motion in limine, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." Id. Evidentiary rulings on motions in limine are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994).

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions in limine prior to trial. Ridolfi v. State Farm Mutual Automobile Insurance Company,

2017 WL 3198006, *2 (M.D.Pa. July 27, 2017) (citations omitted). Further, "Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." Id.

A trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. PA. 2017) (citation omitted). "Further, a trial court's ruling on a motion in limine is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

In considering motions in limine, "[t]he Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 196 (M.D. Pa. 2010). This inclusiveness is demonstrated by way of Rule 401's expansive definition of relevant evidence, Rule 402's definition of the admissibility of relevant evidence in sweeping terms, and Rule 403's description of the grounds for exclusion as an exception to the general rule favoring admission of relevant evidence. Id. at 196-97.

Rule 402 expansively permits the admission of all "relevant evidence," defined as "[having] any tendency to make a fact more or less probable than it would be without the evidence," with that fact being "of consequence in determining the action." F. R. Evid. 401. Rule 403 nonetheless permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002).

Additionally, the movant has the burden to show that the evidence is inadmissible on any relevant ground. See Leonard v. Stemtech Health Sciences, Inc., 981 F.Supp.2d 273, 276 (D.De. 2013).

While the majority of the issues raised by Defendant can be resolved by F. R. Evid. 401. Rule 402, they are in actuality thinly veiled Rule 56 Motions for Summary Judgment.  In fact, Defendant's Motion for Summary Judgment raises these exact issues.  For instance, when Defendant allege in their Motion in Limine that evidence that Richard Johnson Jr was not a titled owner of the 3114 account should be excluded, Defendant is actually requesting Summary Judgment. Also, Defendant has not presented any facts or legal arguments

showing that the evidence is inadmissible on any relevant grounds.

For the reasons stated, Plaintiff request that the court deny Defendant's Motion in Limine.

**ARGUMENT**

A. **WHETHER THE COURT SHOULD ALLOW SETOFFS BASED ON JUDGMENTS SECURED BY PLAINITFF AGAINST RICHARD JOHNSON JR AND VICTORIA THOMAS WHERE BB&T WAS NOT A PARTY AND THE JUDGMENTS WERE NOT BASED ON CONTRACT CLAIMS?**

**PLAINTIFF'S ANSWER: No**

It is undisputed that the judgments and partial settlement secured by Plaintiff in the Orphans Court and state action were tort claims against Richard Johnson, Jr and his wife, Victoria Thomas. These judgments were not based on a breach of contract claim and did not involve BB&T.

In a non-published memorandum, the 3rd Circuit addressed an identical issue where the parties had competing judgments, and both claimed setoffs. US Bank NA v. Maury Rosenberg, No. 18-1249 (3d Cir. 2018). In that action, U.S. Bank argued that because Rosenberg claimed to be judgment proof and was thus unlikely to pay the $6.5 million, he owed US Bank, enforcing a $6.12 million judgment against it would be unfair.

Setoff (also called "offset") is an equitable doctrine that allows entities

that owe each other money to apply secured cash windfalls to potential judgments. ID. There is also no question that Pennsylvania has long recognized a common law right to setoff. See Shenango Sys. Sols., Inc. v. Micro-Sys., Inc., 887 A.2d 772, 774 (Pa. Super. Ct. 2005); see also Pierce to Use of Snipes v. Kaseman, 192 A. 105 (Pa. 1937).

In order to perfect a right to setoff, "the party asserting set off rights must prove the debts between the creditor and the debtor are mutual." In re Garden Ridge Corp., 386 F. App'x 41, 43-44 (3d Cir. 2010) (citing In re APF Co., 264 B.R. 344, 354 (Bankr. D. Del. 2001)); In re Czyzk, 297 B.R. 406, 409 (Bankr. D.N.J. 2003). "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 896 F.2d 54, 59 (3d Cir. 1990). Courts most commonly apply setoff in bankruptcy cases "to adjust the mutual rights and obligations of the parties to reflect the balance between them." Courts will not allow setoff, however, where doing so would offend the general principles of equity. See, e.g., Warrington Mkt., Inc. v. Fleming Cos., Inc., No. 02-719, 2003 WL 22594348, at *1 (E.D. Pa. Oct. 10, 2003).

Here, in the present case, as in US Bank v Rosenberg, Richard Johnson Jr. appears to be judgment proof, so to allow a setoff based on a judgment

10

that will never be realized is patently unfair. More importantly, BB&T is not entitled to setoff secured by Plaintiff in a tort case because the judgments are not between the same parties and the theories of recoveries in the Orphans Court case and state case were based on tort law and not contract law. Thus, the setoffs claimed by BB&T are not allowed because the debts owed by Richard Johnson Jr. and Victoria Thomas are not mutually connected to or related to BB&T's alleged claims to setoff in the current federal court case regarding Plaintiff's breach of contract claim.

B. **WHETHER RELEVANT EVIDENCE RELATED TO RICHARD JOHNSON JR.'S FRAUDULENT WITHDRAWALS OF FUNDS FROM PLAINTIFF'S 3114 ACCOUNT, ADMITTED TO BY RICHARD JOHNSON JR. IN A PRIOR LEGAL PROCEEDING, SHOULD BE EXCLUDED FROM EVIDENCE IN THIS MATTER?**

**PLAINTIFF'S ANSWER: No**

Defendant argues that a legal opinion drafted by a state judge in the Orphans Court case against Richard Johnson Jr. personally and as Executor of his father's estate, should be barred from evidence in this matter based on hearsay. Defendant offers no legal authority in advancing this position. As an aside, Richard Johnson Jr., was removed as executor because of his fraudulent conduct in administering his father's, Richard Johnson, Sr., estate.

The following Federal Rules of Evidence read in pertinent part as

follows:

### F. R. Evid. 401-Test for Relevant Evidence

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

### F. R. Evid. 803-Exceptions to the Rule Against Hearsay— Regardless of Whether the Declarant Is Available as a Witness

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

(8) *Public Records.* A record or statement of a public office if:

(A) it sets out:

(i) the office's activities;

(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

**(iii) in a civil case** or against the government in a criminal case, factual findings from a legally authorized investigation.

The fact finding by Judge Tunnell and the trial transcripts from the Orphans Court trial are relevant because they collaborate Plaintiff's claims of how Richard Johnson Jr. was able to methodically drain Plaintiff's bank account over a period of six (6) months. Several transactions were in the six

figure ranges and BB&T never raised any concerns even though Richard Johnson Jr. did not have a signed signature card or signed account agreement. In the Orphans Court case Richard Johnson Jr testified that he deposited and withdrew all the funds from Plaintiffs account. Judge Tunnels facts affirms this conclusion.

Additionally, under the Public Records exception, F.R. Evid. 803 (8) (A) (iii), Judge Tunnell memorandum, the exhibits, pleadings and trial transcripts are all admissible.

C. **WHETHER THE DOCTRINE OF COLLATERAL ESTOPPEL IS APPLICABLE IN THIS MATTER AND PREVENTS THE ADMISSION OF RELEVANT EVIDENCE RELATED TO RICHARD JOHNSON JR'S WITHDRAWAL OF FUNDS FROM PLAINTIFF'S 3114 ACCOUNT?**

D. **WHETHER RELEVANT FACTUAL FINDINGS BY A COURT IN A PRIOR LEGAL PROCEEDING SHOULD BE EXCLUDED BASED ON HEARSAY?**

E. **WHETHER RELEVANT EVIDENCE THAT RICHARD JOHNSON JR WAS NOT A TITLED ACCOUNT HOLDER ON THE 3114 SHOULD BE EXCLUDED BASED ON ESTOPPEL?**

**PLAINTIFF'S ANSWERS FOR: C, D&E - No.**

Defendant asserts that Judge Tunnell's fact finding memorandum is barred for evidence by collateral estoppel. However, Defendant cannot meet each element of collateral estoppel.

13

Collateral estoppel, also known as issue preclusion, is designed to prevent re-litigation of questions of law or issues of fact that have already been litigated in a court of competent jurisdiction. Plaxton v. Lycoming County Zoning Hearing Board, 986 A.2d 199, 208 (Pa. Cmwlth.2009).  The doctrine of collateral estoppel applies where the following factors are met:

(1) when the issue in the prior adjudication was identical to one presented in the later action;

(2) when there was a final judgment on the merits;

(3) when the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication;

(4) when the party against whom it is asserted has had a full and fair opportunity to litigate the issue in a prior action;

(5) when the determination in the prior proceeding was essential to the judgment. Callaghan v. Workers' Compensation Appeal Board (City of Philadelphia), 750 A.2d 408, 412 (Pa. Cmwlth.2000).

Defendant argument fails on the first criteria because the issues litigated in the Orphans Court case and the current case are not identical.  In the Orphans Court case, the issues focused on whether Richard Johnson Jr. fraudulently converted funds from Plaintiff's bank account. In the current

14

federal case at bar, Plaintiffs claim is based on breach of contract by BB&T.

Additionally, BB&T records were subpoenaed, and their keeper of records was called as a witness, but BB&T failed to show at the time of trial in the Orphans Court case. BB&T had prior knowledge of Plaintiff's case involving account 3114 and was subpoenaed for records. Thus, BB&T had an opportunity to intervene and defend its decision to allow these questionable withdrawals by Richard Johnson Jr. but chose to not engage.

BB&T's position that Richard Johnson Jr was a legitimate title holder on the 3114 account is an admission that they were in privity with Richard Johnson Jr. because they were in a contractual relationship with him; affirmed by their affirmative defense. Privity exists when there is a connection or relationship which exists between two or more contracting parties." *Id.* Thus, "[f]or parties to be considered to be in privity, a contractual relationship must exist between them." *Id.* (quoting Phillips v. Cricket Lighters, 576 Pa. 644, 841 A.2d 1000, 1006 (2003)); *see also* Deynzer v. Columbia Gas of Pennsylvania, Inc., 875 A.2d 298, 301 (Pa.Super.Ct. 2005). BB&T and Richard Johnson Jr. were in privity of contract based on BB&T's affirmative defense.

Collateral Estoppel does not apply in this case as it concerns Judge

Tunnel's memorandum and the memorandum is relevant to the facts of this case regarding breach of contract.

Defendant also alleges that Plaintiff should be collaterally estopped form arguing or presenting evidence that Richard A. Johnson Jr. was not a titled owner of the 3114 account.  As argued above, collateral estoppel does not apply in this case.

F. **WHETHER PLAINTIFF SHOULD BE BARRED FROM CALLING A RELEVANT WITNESS LISTED ON THE PRETRIAL MEMORANDUM WITNESS LIST.**

Plaintiff will remove this witness from her witness list.

G. **WHETHER PLAINTIFF SHOULD BE ALLOWED TO A 3% COST OF LIVING ADJUSTMENT WHERE PLAINTIFF IS ALREADY ENTITLED TO PER-JUDGMENT INTEREST AT 6%.**

Plaintiff will withdraw this request for a three percent 3% inflation index as Plaintiff is entitled to pre-judgment interest at six percent 6%.

Pennsylvania Supreme Court has concluded that prejudgment interest in a contract action is a substantive rather than a procedural matter." Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 171 (3d Cir. 2010). Pennsylvania's rules provide for an award of prejudgment interest in contract actions as a matter of right "to compensate for 'the fact that the breaching party has deprived the injured party of using interest accrued on money which was

rightfully due and owing to the injured party.'" Id. at 172-73 (quoting Widmer Eng'g, Inc. v. Dufalla, 837 A.2d 459, 469 (Pa. Super. Ct. 2003), appeal denied, 852 A.2d 313 (Pa. 2004), and Palmgreen v. Palmer's Garage, Inc., 117 A.2d 721, 722 (Pa. 1955) ("In all cases of contract interest is allowable at the legal rate from the time payment is withheld after it has become the duty of the debtor to make such payment; allowance of such interest does not depend upon discretion but is a legal right."

**H. WHETHER RELEVANT EVIDENCE OF DEFENDANT'S BANKING POLICIES RELATING TO ACCOUNT HOLDERS, DEPOSITS AND WITHDRAWALS SHOULD BE EXCLUDED BECAUSE THEY ARE NOT INCORPORATED IN THE CONTRACT BETWEEN PLAINTIFF AND DEFENDANT?**

**PLAINTIFF'S ANSWER: No.**

Defendants argue that <u>its own banking policies and procedures</u> should be excluded from evidence as they are not part of the contract between Plaintiff and Defendant. **(<u>See Exhibit A –</u> BB&T/Susquehanna Procedure dated 2014 for Adding Person to Existing Account).**

That distinction, however, is not controlling on whether the policies are admissible. First, the policies are relevant under F.R.E. 401 because they are relevant to the issues in contention in this case. Additionally, they are admissible pursuant to F.R. Evid. 406:

**Rule 406. Habit; Routine Practice**

Evidence of a person's habit <u>or an organization's routine practice</u> may be admitted to prove that on a particular occasion[s] the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Evidence of Defendants routine would be admissible in the areas of depositing, withdrawals, account holder agreement, and authorized account holder, among other items.   Plaintiff will be able to proffer through Defendant's policies, conflicts between the policies and account holder agreement, particularly concerning the need for all three Johnsons(Plaintiff Barbara, Richard Sr. and Richard Jr.)  to sign signature cards and sign account agreements in order to open a joint account.

Ironically, Defendants plans to call an expert who will testify about best banking practices; best practice policies that are not included in the contract between Plaintiff and Defendant.

I.  **WHETHER DEFENDANT HAS WAIVED ITS COLLATERAL ESTOPPEL AND SET-OFF CLAIMS BECAUSE THEY WERE NOT PRESERVED AS AFFIRMATIVE DEFENSES?**

**Fed. R. Civ. P. 8 (c) (1) reads in pertinent part as follows:**

(c) AFFIRMATIVE DEFENSES. (**See Exhibit B – Defendant's Affirmative**

**Defenses)**

(1) In General. In responding to a pleading, a party must affirmatively state any

avoidance or affirmative defense, including:

• accord and satisfaction;

• arbitration and award;

• assumption of risk;

• contributory negligence;

• duress;

• estoppel;

• failure of consideration;

• fraud;

• illegality;

• injury by fellow servant;

• laches;

• license;

• payment;

• release;

• res judicata;

• statute of frauds;

• statute of limitations; and

• waiver.

The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver. Odyssey Reinsurance Co. v. Cal-Regent Ins. Servs. Corp., 123 F. Supp. 3d 343, 356 (D.Conn. 2015) (quoting Traveler's Int'l, A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir. 1994)). See also generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d ed. 2015). It is a frequently stated proposition of virtually universal acceptance by federal courts, that a failure to plead an affirmative defense as required by Federal Rule 8(c), results in the waiver of that defense and its exclusion from the case.

Estoppel and payment (set-off) are required to be plead in affirmative defenses.  Defendant has failed to do so, and the time has passed for amendments.  Accordingly, Defendant's Motion in Limine and Motion for Summary Judgment as it pertains to estoppel and setoff must be denied.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff hereby request this Honorable Court to Deny Defendant's Motion in Limine to Exclude Relevant Evidence at trial.

/s/Marvin J. Powell, Esquire
POWELL LAW ASSOCIATES, LLC
PA. ID No. 38129
234 Kennedy Drive
South Coatesville 19320-3969
(610) 489-1714(office)
Email: powelllawassociates @fast.net
Attorney for Plaintiff, Barbara Johnson

Date: May 4, 2020

21