**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
BARBARA JOHNSON,               :
                               :
          Plaintiff            :   CIVIL ACTION
                               :
     vs.                       :
                               :
TRUIST BANK, formerly known    :
As Branch Banking and Trust    :   NO. 17-CV-4490
Company (BB & T), successor    :
By Merger to Susquehanna Bank, :
                               :
          Defendant            :
                               :
     vs.                       :
                               :
RICHARD A. JOHNSON, JR. and    :
VIRGINIA THOMAS,               :
                               :
          Third-Party Defendants :
```

**ORDER**

AND NOW, this     6th     day of July, 2020, upon

consideration of the Defendant's Motion for Summary Judgment

(Doc. No. 75) and Plaintiff's cross Motion for Summary Judgment

(Doc. No. 77), it is hereby ORDERED that both Motions are

DENIED.[1]

---

[1]  It is well-settled that any party may move for the entry of summary judgment on any claim or defense or any part of a claim or defense and that judgment will properly be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Further, "[a]s to materiality, … [o]nly disputes over facts that might affect the outcome of the suit under governing law will preclude the entry of summary judgment…; [f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  "A genuine dispute exists 'if the evidence is such that

BY THE COURT:

s/ J. Curtis Joyner

_____
J. CURTIS JOYNER,      J.

---

a reasonable jury could return a verdict for the nonmoving party." <u>In re Tribune Media Co.</u>, 902 F.3d 384, 392 (3d Cir. 2018)(quoting <u>Anderson</u>, <u>supra</u>.); <u>Stone v. Troy Construction, LLC</u>, 935 F.3d 141 (3d Cir. 2019).

It is also important to remember that a "judge's function" in evaluating a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Salazar-Limon v. City of Houston</u>, 137 S. Ct. 1277, 1280 (2017)(quoting <u>Anderson</u>, 477 U.S. at 249). "In so doing, the court must 'view the facts and draw reasonable inferences in the light most favorable to the party opposing the motion.'" <u>Id</u>, (quoting <u>Scott v. Harris</u>, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) and <u>United States v. Diebold</u>, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed.2d 176 (1962). To survive summary judgment, it is incumbent upon the party opposing the motion to show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson</u>, 477 U.S. at 249.

In this case, the gravamen of the Plaintiff's Complaint is that Defendant's predecessor-in-interest, Susquehanna Bank, breached its Customer Agreement with her when it permitted her step-son, the Third-Party Defendant Richard A. Johnson, Jr. to be added to an account which she opened in January, 2015 for the purposes of depositing the insurance proceeds from a fire insurance claim on two properties which she owned with her late husband, Richard A. Johnson, Sr. It is Defendant's contention that the account was opened by all of three of the Johnsons – Plaintiff, her late husband and Third-Party Defendant and that even though it cannot produce the documentation to substantiate this claim, it does not matter because Johnson Sr. had prior accounts at Susquehanna obviating the need for new signature cards and he had given Johnson, Jr. Power of Attorney to act on his behalf. After careful review of the record evidence produced by the parties in support and in opposition to the parties' summary judgment motions, the Court finds that there exist numerous genuine issues of material fact which cannot be resolved at this juncture. Likewise, based on the existing record, we cannot find that either party is entitled to judgment in their favor as a matter of law. <u>See</u>, <u>e.g.</u>, <u>In re Fiedler</u>, 2016 PA Super 3, 132 A.3d 1010, 1021 (Pa. Super. 2016); <u>In re Estate of Moskowitz</u>, 2015 PA Super 112, 115 A.3d 372, 385 (Pa. Super. 2015)("Powers of attorney are to be strictly construed and the grant of special powers is not to be enlarged unless this is clearly intended."); <u>In re Estate of Cambest</u>, 2000 PA Super 188, 756 A.2d 45 (Pa. Super. 2000)(same; late wife's sister's use of power of attorney granted to her by wife to remove funds from bank account held jointly by husband and wife into separate account in wife's name alone shortly before her death held invalid as nothing in Wife's Power of Attorney authorized sister to act on Husband's behalf with regard to joint accounts or anything else). Accordingly, both motions are hereby denied.